**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**HUMPHREYS COUNTY, MISSISSIPPI:**                                            **PLAINTIFF**
**by and through its Board of Supervisors**

**V.**                                                   **NO. 4:19-CV-83-DMB-RP**

**ZURICH AMERICA INSURANCE
COMPANY dba Zurich**                                             **DEFENDANT**

### ORDER

Zurich American Insurance Company seeks summary judgment on Humphreys County's breach of contract and bad faith claims on grounds that the insurance policies at issue do not provide coverage for the underlying wrongful condemnation action against Humphreys County. Because this Court agrees with Zurich, summary judgment will be granted.

### I
### Procedural History

On February 11, 2019, Humphreys County, Mississippi, by and through its Board of Supervisors, filed a complaint in the Circuit Court of Humphreys County, Mississippi, against Zurich American Insurance Company. Doc. #2. The complaint alleges breach of contract and bad faith claims based on Zurich's denial of coverage under two insurance policies, and seeks actual damages, punitive damages, and attorney's fees. *Id.* at 5–9. On May 29, 2019, Zurich removed the case to the United States District Court for the Northern District of Mississippi, asserting diversity jurisdiction. Doc. #1. On September 20, 2019, Zurich moved for summary judgment on all claims. Doc. #16. The motion for summary judgment is fully briefed. Docs. #17, #21,[1] #22, #23.

---

[1] Humphreys County was granted a requested extension to file its response to the motion. Doc. #19.

## II
## Standard

A court may enter summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party." *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (cleaned up).

The "party seeking summary judgment always bears the initial responsibility of demonstrating the absence of a genuine issue of material fact." *Id.* (alterations omitted). When the movant would not bear the burden of persuasion at trial, he may satisfy his initial summary judgment burden "by pointing out that the record contains no support for the non-moving party's claim." *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 997 (5th Cir. 2019). If the moving party satisfies his initial burden, the nonmovant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Jones*, 936 F.3d at 321 (alteration and internal quotation marks omitted).

## III
## Factual Background

Humphreys County is governed by a five-member Board of Supervisors. Doc. #2 at 1. Zurich issued two insurance policies to Humphreys County, both with an effective term of September, 1, 2015, through September 1, 2016: (1) a commercial general liability policy ("CGL Policy") (policy number CPO 2826595-13); and (2) a public officials liability policy, ("PUB Policy") (policy number PUB 9319350-04). Docs. #16-1 to #16-3.

### A. Denial of Coverage under the CGL Policy

### 1. Carl Young's notice of suit to Humphreys County

On December 3, 2015, Carl Young, a Humphreys County resident, sent Humphreys

County, through counsel, a notice of suit "aris[ing] from the wrongful condemnation of his property." Doc. #2 at PageID #89. The notice states:

> Mr. Young's claims arise from the wrongful condemnation of his property. Mr. Young purchased three properties at a tax sale and the deed to those properties was recorded on September 2, 2015. On September 10, 2015, Mr. Young contracted for the cleanup of these properties with cleanup beginning on September 15, 2015. On September 16, 2015, the inspector, Mr. Charles Edwards, was contacted in an effort to obtain an electrical permit in order to proceed with cleanup operations. On or about September 18, 2015, Mr. Edwards was instructed by the Humphreys County Board of Supervisors, specifically, Mr. Dickie Stevens, to place a condemnation notice on the properties. This condemnation notice forbids anyone from entering upon these properties. …
>
> In an effort to ratify these actions, on October 5, 2015, the Humphreys County Board of Supervisors determined that a hearing would occur to determine whether the property is in such a state of uncleanliness so as to be determined a nuisance. Mr. Young was notified of the Board's decision by letter dated October 13, 2015. Although a hearing before the Board of Supervisors is scheduled to take [sic] on December 7, 2015 at 10:00 a.m., the end result, the condemnation of his property, has already been determined.
>
> Due to the unilateral condemnation of his property, Mr. Young has been deprived of the use of property and has incurred $10,000 in damages which is the amount he has paid for the cleanup of the property. Mr. Young has additionally be [sic] deprived of his property, which he purchased for $12,000.
>
> We will be pursuing both state law claims and federal law claims, including through not limited to, claims pursuant to 42 U.S.C. 1983 and violations of Mr. Young's due process rights as guaranteed by the Fourteenth Amendment of the Mississippi Constitution. Due to the egregious nature of the conduct, we will be seeking both compensatory and punitive damages in excess of two hundred and fifty thousand dollars.

*Id.* at PageID ##89–90.

### 2. Request for, and denial of, coverage

On or about December 30, 2015, Humphreys County advised Zurich of Young's notice of suit and requested coverage under the CGL Policy. Doc. #16-1 at 2. On February 12, 2016, Zurich sent Humphreys County a letter "deny[ing] any obligation to defend or indemnify Humphreys County." Doc. #16-4 at 1.

3

In denying coverage, Zurich stated that Coverage A of the policy, "Bodily Injury and Property Damage Liability," did not apply because (1) there were "no allegations that any of the plaintiffs suffered from a sickness or a disease, accordingly there is no 'bodily injury' as defined in the policies," *id.* at 6; (2) "wrongful condemnation and violation of due process rights are not accidental conduct and do not constitute an 'occurrence' as defined under the policies," *id.*; and (3) the "Expected or Intended Injury" exclusion "exclude[s] coverage for any injury or damage that was expected or intended by Humphreys County," *id.* at 6–7.

Additionally, Zurich stated that Coverage B, "Personal and Advertising Injury Liability," did not apply because (1) "there must have been an enumerated offense, arising out of [Humphreys County's] business, which was committed during the policy period, for which none of the policy exclusions apply, and for which the insured is legally obligated to pay sums, as damages" and "[t]here are no allegations that Humphreys County committed any of the above listed offenses," *id.* at 7; and (2) "coverage [could] also be excluded under the Knowing Violation of Rights of Another exclusion … for any injury caused by or at the direction of Humphreys County that would violate the rights of another and inflict 'personal and advertising injury,'" *id.*

Zurich further concluded that "coverage is not afforded for damages resulting from intentional, willful, or wanton conduct, or for punitive or exemplary damages." *Id.*

### B. Denial of Coverage under the PUB Policy

#### 1. Young's complaint against Humphreys County

On March 10, 2016, Young filed suit against the Humphreys County Board of Supervisors, Supervisor Stevens (in his official and individual capacities), and "John Does 1–5" in the Circuit Court of Humphreys County, Mississippi. *Young v. Bd. of Supervisors*, No. 4:16-cv-66, at Doc. #2 (N.D. Miss. March 10, 2016). The complaint alleged the same facts as those in Young's notice

of suit but contained additional detail and supporting documentation. Young's complaint asserted violation of due process under Mississippi law (Count One); common law conversion, trespass, and takings (Count Two); and violations of due process under 28 U.S.C. § 1983 (Counts Three and Four). Based on federal question jurisdiction, Humphreys County removed Young's suit to the United States District Court for the Northern District of Mississippi on April 4, 2016.[2] *Id.* at Doc. #1.

### 2. Request for, and denial of, coverage

On or around September 12, 2017, Humphreys County provided Zurich a copy of Young's complaint and requested coverage under the PUB Policy.[3] Doc. #16-1 at ¶ 5. Two days later, Zurich sent Humphreys County a letter that coverage under the PUB Policy was denied for multiple reasons, including that the policy barred coverage for allegations against the insured that "ar[ose] out of or in any way connected with the operation of the principles of … inverse condemnation or condemnation proceedings." Doc. #16-5 at 3. This suit followed.

## IV
## Analysis

Humphreys County's complaint contains three counts: (1) breach of contract for the denial of coverage under the CGL Policy (Count I); (2) breach of contract for the denial of coverage under the PUB Policy (Count II); and (3) breach of the implied covenant of good faith and fair

---

[2] A number of motions were filed in Young's suit against Humphreys County. Young's motion for summary judgment on liability was denied. *See* No. 4:16-cv-66, at Doc. #60. Humphreys County's motion to dismiss was granted as to the takings claim but denied on the remainder of Young's claims. *Id.* at Doc. #76. Stevens' motion for qualified immunity was granted. *Id.* at Doc. #77. On June 4, 2018, the case proceeded to trial on Young's claims of common law conversion and trespass; violation of due process under the Mississippi Constitution; and violation of due process under 28 U.S.C. § 1983. The jury returned a verdict in Young's favor. *Id.* at #87. Humphreys County moved for judgment as a matter of law but the motion was denied. *Id.* at Doc. #111. On appeal by Humphreys County, the Fifth Circuit affirmed the jury's verdict on June 21, 2019. *Young v. Bd. of Supervisors*, 927 F.3d 898 (5th Cir. 2019).

[3] Humphreys County also requested coverage under a "Police Professional Liability Policy" issued by Zurich, Doc. #16-5 at 1, but does not bring any claims concerning that policy.

dealing, or gross negligence, due to the denials of coverage (Count III). Doc. #2 at 5–8. In seeking summary judgment on all claims, Zurich argues that "[a]s a matter of law … [it] had no duty to defend or indemnify the Board with respect to Young's claims" because "Young's claims are clearly outside the scope of the coverage of both policies." Doc. #17 at 2. Humphreys County responds that "the [CGL Policy] provides coverage or potential coverage and indemnification," Doc. #22 at 1, because Young's claims of "conversion or trespass [are] action[s] against property," *id.* at 6, or "[i]n the alternative, the [CGL Policy] is too ambiguous for a determination of coverage," *id.* at 2. Humphreys County does not present arguments against summary judgment on its claims regarding the PUB Policy.

### A. Breach of the PUB Policy

Under Mississippi law,[4] "[a] breach-of-contract case has two elements: (1) the existence of a valid and binding contract, and (2) a showing that the defendant has broken, or breached it." *Maness v. K & A Enters. of Miss., LLC*, 250 So. 3d 402, 414 (Miss. 2018) (quotation marks omitted). Zurich argues there "is no coverage under the PUB policy because Young's claims fall squarely within that policy's condemnation exclusion." Doc. #17 at 2. Humphreys County does not contest this. "If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal." *Criner v. Tex.–N.M. Power Co.*, 470 Fed. App'x 364, 368 (5th Cir. 2012) (quoting *Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002)). Accordingly, Humphreys County has abandoned its breach of contract claim under the PUB Policy, and summary judgment will be granted.

---

[4] The law of the forum state—in this case, Mississippi—governs the substantive issues in this diversity case. *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018).

## B. Breach of the CGL Policy

### 1. Coverage

Zurich argues there is no coverage under the CGL Policy because, although Young's allegations fall under the property damage provision, the CGL Policy provides the property damage must be "caused by an 'occurrence'" and under the CGL Policy, "occurrence" is defined as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions." Doc. #17 at 9–10; *see* Doc. #16-2 at PageID #297, #311. Zurich submits that as "Young contends the notice was placed at the direction of Stevens and that the Board later ratified Steven's decision by electing to proceed with a condemnation hearing," "[u]nder no circumstances could the actions perpetrated by Stevens and the Board be deemed accidental." Doc. #17 at 13, 14. Humphreys County responds that Young's claims of "conversion or trespass [are] action[s] against property" and "[t]he assertion of [those] claims … triggers coverage."[5] Doc. #22 at 6.

Because neither party disputes that the CGL Policy is a valid and binding contract, the question is whether Zurich breached it. There is no doubt Young's claims of common law conversion, trespass, and takings fall under the property damage coverage of the CGL Policy.[6] However, Young's allegations against Humphreys County are not covered because they were not caused by an "occurrence."

---

[5] Humphreys County contends Zurich failed to consider whether the allegations in Young's complaint provided coverage under the CGL Policy, arguing that Zurich only considered Young's notice of suit in making its coverage determination. Doc. #22 at 6. Zurich retorts that "[t]his was unnecessary because … the complaint contains no additional factual allegations that would trigger CGL coverage" and that the notice of suit and complaint made "[i]dentical factual allegations of tortious conduct." Doc. #23 at 4 n.2. The factual allegations of Young's notice of suit and his complaint are largely the same. Young's complaint, like his notice of suit, alleges the Board directed a condemnation notice be put on Young's properties. Accordingly, the CGL Policy barred coverage on the allegations in Young's complaint as well because Humphreys County's alleged actions were intentional, not accidental.

[6] The CGL Policy also covers bodily injury, "personal and advertising injury," and medical payments. Doc. #16-2 at PageID #297, #302, #304. Neither party argues that Young's allegations fall under these other coverages.

The CGL Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Doc. #16-2 at PageID #311. Mississippi law interprets the term "occurrence" to be a "chain of events … set in motion and follow[ing] a course consciously devised and controlled by [the insured], without the unexpected intervention of any third person or extrinsic force." *U.S. Fid. & Guar. Co. v. Omnibank*, 812 So. 2d 196, 201 (Miss. 2002). Young's allegations against Humphreys County that it, specifically Supervisor Stevens, directed a City of Belzoni inspector to post a condemnation notice on his properties, do not constitute an "accident" but instead asserts an intentional act. "[A] claim resulting from intentional conduct which causes foreseeable harm is not covered, even where the actual injury or damages are greater than expected or intended." *Id.* Accordingly, the CGL Policy did not provide coverage for Young's allegations against Humphreys County.

### 2. Ambiguity

Alternatively, Humphreys County contends the CGL Policy is "too ambiguous for a determination of coverage" because "it can be interpreted in two or more ways" and because "Zurich drafted a contract of insurance that did not provide for coverage or an exclusion of coverage with CGL for claims alleging conversion, trespass and violation of constitutional rights in a condemnation proceeding." Doc. #22 at 2, 8. In response, Zurich argues that "the presence or absence of exclusionary language is irrelevant because, as previously shown, the underlying claims are outside the scope of the primary insuring agreement." Doc. #23 at 5–6. Zurich further contends that "in considering whether an ambiguity exists, the court is confined to what is in the policy and does not consider provisions that one party claims could have or should have been included in the policy." *Id.* at 6.

Under Mississippi law, "[a]n insurance contract is ambiguous when the policy can be

interpreted as having two or more reasonable meanings." *Fid. & Guar. Ins. Co. v. Blount*, 63 So. 3d 453, 461 (Miss. 2011). The Court must "give it its plain and ordinary meaning if it is clear and unambiguous." *Miss. Farm Bureau Cas. Ins. Co. v. Britt*, 826 So. 2d 1261, 1266 (Miss. 2002).

The Mississippi Supreme Court has held that the term "occurrence" in a commercial general liability policy is not ambiguous. *Omnibank*, 812 So. 2d at 199–200 ("It follows that … property damage, expected or intended from the standpoint of the insured, cannot be the result of an accident. … [T]here is no ambiguity in the policy language."); *ACS Constr. Co., Inc. of Miss. v. CGU*, 332 F.3d 885, 890 (5th Cir. 2003) ("The Mississippi Supreme Court specifically rejected th[e] argument" that policy language containing the term "occurrence" is ambiguous "and categorically determined that the exception language in the policy does not create ambiguity so as to liberally construe coverage in favor of the insured."). Accordingly, Humphreys County's argument fails.

### 3. Summary

As the Court finds that the CGL Policy is unambiguous and that it bars coverage for Young's allegations because Humphreys County's conduct was not accidental, the breach of contract claim based on the CGL Policy fails.

### C. Bad Faith/Gross Negligence

Humphreys County's claim for breach of the implied covenant of good faith and fair dealing or gross negligence is premised on Zurich's denials of coverage under the insurance polices. "The breach of good faith is bad faith characterized by some conduct which violates standards of decency, fairness or reasonableness." *Cenac v. Murry*, 609 So. 2d 1257, 1272 (Miss. 1992). "In order to prevail in a bad faith claim against an insurer, the plaintiff must show that the insurer lacked an arguable or legitimate basis for denying the claim, or that the insurer committed

a wilful or malicious wrong, or acted with gross and reckless disregard for the insured's rights." *Liberty Mut. Ins. Co. v. McKneely*, 862 So. 2d 530, 533 (Miss. 2003). Because Zurich had reason to deny coverage under the policies and because Humphreys County's claim of bad faith or gross negligence is premised on the denials of coverage, there is no basis for Zurich's liability on this claim. *See King v. Freedom Life Ins. Co. of Am.*, No. 2:10-cv-14, 2011 WL 3876979, at *5 (S.D. Miss. Aug. 31, 2011) (granting summary judgment on the plaintiff's claims against her insurer for breach of contract, bad faith, and breach of the duty of good faith and fair dealing after finding the policy excluded coverage).

## V
## Conclusion

Zurich's motion for summary judgment [16] is **GRANTED**.

**SO ORDERED**, this 19th day of October, 2020.

*/s/Debra M. Brown*
**UNITED STATES DISTRICT JUDGE**
